**A. P. MURRAH et al., Plaintiffs-Appellants,**

v.

**Earl R. WISEMAN, District Director of Internal Revenue, Defendant-Appellee.**

No. 457-70.

United States Court of Appeals, Tenth Circuit.

Oct. 4, 1971.

William N. Christian, Oklahoma City, Okl. (T. Murray Robinson and Odie A. Nance, Oklahoma City, Okl., on the brief), for plaintiffs-appellants.

Ann E. Belanger, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Loring W. Post, Attys., Dept. of Justice, and William R. Burkett, U. S. Atty., of counsel, on the brief), for defendant-appellee.

Before SETH, ALDISERT *, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a federal estate tax case wherein the executors of the estate of F. E. Harper brought suit against the District Director of Internal Revenue at Oklahoma City, Oklahoma, to recover judgment in the amount of $57,296.84 for estate taxes collected in excess of the amount said to be lawfully due on said estate. The gist of the complaint was that certain property held solely in the decedent's name at the time of death was improperly included in decedent's gross estate for federal estate tax purposes for the reason that such property under Oklahoma law belonged to decedent's wife and accordingly should have been excluded from decedent's gross estate. This interest on the part of decedent's wife was assertedly acquired by her during the period when the Oklahoma Community Property Act was in effect from July 26, 1945, to June 2, 1949, and disposition of this controversy accordingly turns on a consideration of such Act and the so-called Repealing Act of 1949 wherein the Oklahoma legislature repealed the Community Property Act.

32 Okla.Stat.Ann. § 82, which statute was enacted by the Oklahoma legislature in 1945, reads in part as follows:

" * * *.

"Section 3. All property acquired by either the husband or wife during marriage and after the effective date of this Act, except that which is the separate property of either as hereinabove defined, shall be deemed the community or common property of the husband and wife, and each shall be vested with an undivided one-half interest therein; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains unless the contrary be satisfactorily proved.

" * * *."

As indicated, the Community Property Act was repealed by the Oklahoma legislature in 1949 and the repealing statute, which now appears as 32 Okla. Stat.Ann. § 83, reads as follows:

" § 83. *Agreement respecting rights acquired under community property law—Recording—Limitation barring action to recover interest*

"Within one (1) year from the effective date of this Act, any husband and wife whose property or income was subject to the terms of the Act repealed by the foregoing section, may enter into a recordable agreement, specifying the rights acquired by either or each of them under the terms of said Act, altering those rights if they so desire, and describing the property affected, and may record the agreement in the office of the county clerk of their residence and in the office of the county clerk of each county where any of the affected property may be located. Should any husband and wife be unable to reach such an agreement, either may file an action in the District Court of the county of the residence of either of them for a determination of the rights as acquired under the repealed Act, and a certified copy of the judgment may thereupon be recorded in each county in which any of the affected property is located. The failure to make and record such an agreement, or to file such an action within one (1) year and record the judgment in due course thereafter, and in any event within three (3) years from the effective date of this Act, shall bar

---

* Of the Third Circuit, sitting by designation.

the husband or wife whose title or interest does not appear of record, or who is not separately in possession of the property, from any claim or interest in the property as against third (3rd) persons acquiring any interest therein. After three (3) years from the effective date of this Act, no action or proceeding of any character shall be brought to establish or recover an interest in property based upon the terms of the Act repealed, unless the interest has previously been established of record, as hereinabove provided."

From 1945 until 1949 the decedent was a partner with one Roy J. Turner in a partnership known as the Harper & Turner Partnership, and the interest now said to belong to decedent's wife, and not the decedent, relates generally to the appreciation in value of this partnership interest from 1945 to 1949.

An accountant prepared an instrument entitled "Harper & Turner, a Partnership, Division of Partners' Capital Accounts at Jan. 1, 1950 (Election to Divide Community Property)," which purported to divide the property of the Harper & Turner Partnership approximately one-third to the decedent, F. E. Harper, one-third to Roy J. Turner, one-sixth to decedent's wife, Dorris Joanne Harper, and one-sixth to Jessica E. Turner. This agreement, however, was not recorded. The Harper & Turner Partnership was terminated in about 1954 and its assets were eventually transferred to the Harper Oil Company, a corporation, in exchange for stock in said corporation. As a result of this reorganization F. E. Harper acquired 100 shares of Harper Oil Company stock. On the date of his death in 1959 decedent held the 100 shares of Harper Oil Company, as well as other property, in his name.

Upon trial, the significant events and dates outlined above were either stipulated to or were not in dispute, and based thereon the trial court found in favor of the Director and dismissed the claim of the executors for a refund. In so doing the trial court found that because the decedent and his wife had failed to comply with the requirements of the Repealing Act relating to recordation, the "property held in the name of F. E. Harper lost whatever community property characteristics it may have had, and the widow, Dorris Joanne Harper, cannot now raise her claim to any of this property being barred by a substantive, rather than a remedial, statute of limitations." Further, the trial court held that an order of the probate court in Oklahoma allocating 64.343 per cent of the 100 shares of Harper Oil Company stock to decedent's estate and 35.657 per cent to his wife based on an alleged property right which she acquired during the period the Community Property Act was in effect was not binding on it. We agree on both matters.

The instant controversy, in our view, is for all practical purposes resolved by reference to the Repealing Act of 1949. That statute clearly provides that after three years from the effective date of the Repealing Act no action or proceeding of any character may be brought to recover or establish any interest in property based upon the Community Property Act unless the interest has previously been established *of record*. Application of this three year rule to the instant case means that decedent's wife, Dorris Joanne Harper, from and after June 2, 1952 (three years after the effective date of the Repealing Act), could not institute any sort of proceeding to establish and recover an interest in the property with which we are here concerned and accordingly ownership of such property had vested exclusively in decedent prior to his death. *See* Catron v. First National Bank & Trust Co. of Tulsa, 434 P.2d 263 (Okla.1967), where it was held that inasmuch as the plaintiff wife commenced her suit to establish her property right more than eight years beyond the three year period prescribed in the Repealing Act, the "plaintiff [wife] is therefore barred from recovering any interest in the community property and ownership thereof vested exclusively in Mr. Catron [the wife's

deceased husband], the owner of record." *See also* Hiskett v. Wells, 351 P.2d 300 (Okla.1959), where it was held that the time limitation in the Repealing Act was not a purely remedial statute of limitation, but a limitation on a right to bring an action because "the express right of a spouse to ask for a determination of the rights as acquired under the repealed Act was *really created* by the terms of the Repealing Act." (Emphasis added.)

■ As above mentioned, a partnership agreement was drawn which purported to allocate as of January 1, 1950, one-sixth of the property of the Harper & Turner Partnership to decedent's wife. Counsel argues that this partnership agreement caused her interest in the community property to vest as of that date and that the failure to thereafter comply with the recordation requirement of the Repealing Act did not operate to divest her of this vested interest because there had already been a "voluntary transmutation from community to partnership property." This argument we deem to be untenable. The Repealing Act quite clearly indicates that any agreement between a husband and wife specifying the rights acquired by each of them under the Community Property Act is to be a "recordable agreement" which should be recorded in the office of the county clerk of their residence and in the office of the county clerk where any of the affected property is located. Accordingly, an unrecorded agreement simply does not meet the requirements of the Repealing Act.

Actually, the main thrust of the position advanced here by the executors is that the decedent's wife had rights in the community property which had vested before the effective date of the Repealing Act and that these rights could not be adversely affected by subsequent noncompliance with the requirements of the Repealing Act. This argument was considered in Hiskett v. Wells, *supra,* and in fact was the theme of the dissent therein. There the dissenting justices stated that the interpretation given the Repealing Act by the majority of the court, i. e., that the Repealing Act *created* the right of the spouse to ask for a determination of his or her rights, "destroys such preexisting rights in an unconstitutional fashion and many a trusting spouse and their heirs are being 'un-shirted' by this innovation." As indicated, however, this view was only a dissent. Accordingly, we deem the contention here advanced by the executors to have been previously considered and rejected by the Oklahoma Supreme Court in *Hiskett* and *Catron.*

■ The further contention that the order of the probate court in Oklahoma that 35.657 per cent of 100 shares of Harper Oil Company be allocated to Dorris Joanne Harper is binding on the trial court is without merit. The allocation order resulted from a petition filed with the probate court by the executors of the decedent's estate some seven years after the expiration of the three year period prescribed in the Repealing Act. Accordingly, because of the aforesaid provisions of the Repealing Act and the Oklahoma Supreme Court decisions construing the same, the trial court doubted that the probate court had jurisdiction to entertain such petition. In any event, Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), is dispositive of this phase of the controversy. In that case it was held that where a federal estate tax liability turns on the character of property interest held and transferred by the decedent under state law, federal authorities are not bound by the determination made of such property interest by a state trial court. So, this is an instance where our trial court properly declined to be bound by the order of the probate court in Oklahoma and instead followed, and properly so under Bosch, *supra,* and Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), state law as announced in *Hiskett* and *Catron* by the highest court in the state, namely, the Oklahoma Supreme Court.

Judgment affirmed.